UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROCKWELL MALAVE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>TATA CONSULTANCY SERVICES LIMITED and TATA AMERICA INTERNATIONAL CORPORATION,<br><br>Defendants. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Rockwell Malave ("plaintiff") on behalf of himself and all others similarly situated, by and through his undersigned attorneys, the Law Offices of Mitchell Schley, LLC, bring this class action against Tata Consultancy Services Limited ("TCS") and Tata America International Corporation ("TCS America") (collectively, the "defendants") and alleges upon actual knowledge as to himself and, as to all other matters, alleges upon information and belief, as follows:

**NATURE OF ACTION**

1. TCS is a multinational information technology company. It maintains a U.S. headquarters in Edison, New Jersey. In the past few months, TCS has laid-off a large number of employees, including plaintiff, but failed to provide the pre-layoff notice and severance pay mandated by the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, N.J.S.A. 34:21-1 to 34:21-7, amended effective April 10, 2023, and referred to commonly and herein as the NJ WARN Act.

1

2. In connection with the layoffs, plaintiff seeks for himself and all other similarly situated employees' severance pay of one week of pay for each full year of service and an additional four weeks of severance pay for TCS's failure to provide the required 90 days of notice prior to the mass layoffs as mandated by the NJ WARN Act.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331(a)(1) because the matter in controversy exceeds the sum of $75,000 and is between the citizens of different States.

4. Here, complete diversity exists between the plaintiff and defendants. Plaintiff is a resident of New Jersey. Defendant Tata Consultancy Services Limited is an Indian company headquartered in Mumbai, India. Defendant Tata America International Corporation is a New York corporation with its principal place of business located in New York.

## VENUE

5. Venue in this Court is proper in that plaintiff resides in this district in Wayne, New Jersey and Tata Consultancy Services Limited is headquartered domestically in Edison, New Jersey, where Tata America International Corporation also conducts business.

## THE PARTIES

**Plaintiff Rockwell Malave**

6. Plaintiff is a resident of Wayne, New Jersey.

7. Plaintiff was employed by defendants from September 2014 to September 20, 2023.

8. When terminated, plaintiff's job title was Engagement Manager.

9. Many companies with large IT needs do not have the necessary internal manpower. TCS contracts with such companies and provides varying numbers of its employees to perform

that work typically at the client's location, or remotely. The length of assignments varies. This is the type of work plaintiff's business unit performed.

10. Plaintiff as a TCS employee reported to TCS at 379 Thornall Street, Edison, NJ 08837, whether he worked from his home or at a client's location.

11. All TCS employees in the Consulting and Strategic Initiations unit report to TCS at 379 Thornall Street, Edison, NJ 08837.

12. Whether plaintiff worked at a client location or at home, he reported to TCS at 379 Thornall Road, Edison, New Jersey 08837.

**Defendant Tata Consultancy Services Limited**

13. TCS issued paychecks to plaintiff.

14. TCS is an Indian company.

15. The U.S. headquarters of TCS is 379 Thornall Street, Edison, NJ 08837.

16. TCS has an office in Edison, New Jersey.

17. In the U.S. the TCS Human Resources Department is located at 379 Thornall Street, Edison, NJ 08837.

18. The 2022 W-2 Form issued to plaintiff lists the name and address of the employer as follows: "Tata Consultancy Services Limited, 379 Thornall Street, Edison, NJ 08837."

19. TCS correctly describes itself on its website as "an IT services, consulting, and business solutions organization that has been partnering with many of the world's largest businesses in their transformation journeys for the last fifty years.

20. TCS operates in some 50 countries including the U.S.

21. In 2022, it reached over $25 billion in revenue.

22. The TCS fiscal or financial year begins on April 1 and ends on March 31.

23. For its first fiscal quarter beginning on April 1, 2023, and ending on June 30, 2023, TCS reported 10 categories of highlights including "Workforce Strength" of 615,318. However, for the second fiscal quarter ending on September 30, 2023, TCS reported only 9 categories of highlights and chose to remove the category of "Workforce Strength."

24. TCS chose not to report the highlight category of "Workforce Strength" at the end of its second fiscal quarter ending on September 30, 2023, because it laid-off employees in that quarter.

25. At the end of its second fiscal quarter on September 30, 2023, the headcount of TCS fell by 6,333.

26. TCS is committed to corporate social responsibility and sustainability.

27. At all relevant times, TCS has been an employer within the meaning of the NJ WARN Act.

28. At all relevant times, TCS has been subject to the terms of the NJ WARN Act.

**Tata America International Corporation**

29. TCS America is a U.S. subsidiary of TCS.

30. TCS is the parent company of TCS America.

31. TCS America has been at all relevant times a New York corporation

32. At all relevant times, TCS America has been an employer within the meaning of the NJ WARN Act.

33. At all relevant times, TCS America has been subject to the terms of the NJ WARN Act.

**TCS and TCS America constitute a Single Employer within the meaning of the NJ WARN Act**

34. TCS America is a U.S. subsidiary of TCS.

35. TCS is the parent company of TCS America.

36. TCS and TCS America are commonly owned.

37. TCS and TCS America have common financial control.

38. TCS and TCS America have common directors.

39. TCS and TCS America have common officers.

40. TCS and TCS America have common senior management.

41. The operational and administrative structure of TCS and TCS America are commonly controlled and maintained.

42. The personnel and labor relations policies for TCS employees are commonly subject to the NJ WARN Act controlled and administered by TCS and TCS America.

43. Representatives of the Human Resources Department indicate in correspondence that they represent both TCS and TCS America.

44. TCS and TCS America distribute the same employee handbook or manual to their employees in the United States and New Jersey, with appropriate addenda.

45. The "Head Human Resources-U.S." currently Ashok Seetharaman is responsible for and has overall authority for both TCS and TCS America.

46. TCS America is a mere instrumentality of TCS.

47. TCS dominates TCS America so that there is no separate functional existence and TCS America is a mere conduit of TCS.

48. TCS and TCS America share facilities and places of business.

49. TCS and TCS America present themselves to the public as a single functional entity.

50. TCS and TCS America utilize the same website, "tcs.com."

51. TCS and TCS America utilize the same corporate logo, "TATA."

52. TCS and TCS America are a single integrated enterprise.

53. TCS and TCS America both conduct business at 379 Thornall Street, Edison, NJ 08837.

54. TCS and TCS America jointly perform services for customers clients in the U.S.

55. TCS and TCS America constitute a "single employer" within the meaning of the NJ WARN Act.

56. As a "single employer," TCS and TCS America are jointly and severally liable for the NJ WARN Act violations alleged herein.

## NJ WARN ACT CLASS ACTION ALLEGATIONS

57. Plaintiff brings his First Claim for Relief–Violation of the NJ WARN Act, on behalf of himself and a class of similarly situated employees pursuant to N.J.S.A. 34:21-6, which provides that, "An aggrieved employee or former employee or his authorized representative may initiate suit in Superior Court under this act either individually or on behalf of employees or former employees affected by a violation of the provisions of this act."

58. Plaintiff brings the NJ WARN Act claim for violation of the New Jersey WARN Act on behalf of himself and a class of similarly situated employees pursuant to N.J.S.A. 34:21-6 who worked at or reported to, New Jersey facilities of TCS and were terminated on September 20, 2023, or within any applicable 90-day period defined by N.J.S.A. 34:21-2(c) (the "NJ WARN Class") beginning on July 10, 2023, until issuance of judgment in this matter.

## RULE 23 CLASS ACTION ALLEGATIONS

59. In addition to the "NJ WARN Class," plaintiff brings the First Claim for Relief–Violation of the NJ WARN Act as a class action pursuant to Rule 23 of the Federal Rules of Civil

Procedure on behalf of himself and a class, consisting of employees who worked at, or reported to, New Jersey facilities of TCS and were terminated on September 20, 2023 or within any applicable 90-day period defined by N.J.S.A. 34:21-2(c) (the "New Jersey Rule 23 Class"), beginning on July 10, 2023, until issuance of judgment in this matter.

60.   The persons in the New Jersey Rule 23 Class are so numerous that the joinder of all members is impracticable. The exact number of the New Jersey Rule 23 Class members is unknown to plaintiff at this time, but there are believed to be over 50 such persons. The identity of the New Jersey Rule 23 Class members is known to the defendants and is contained in the employment records that the defendants are required by law to create and maintain.

61.   Plaintiff's claims are typical of the claims of the other members of the New Jersey Rule 23 Class as plaintiff and all other members of the New Jersey Rule 23 Class sustained damages arising out of defendants' conduct in violation of the New Jersey state laws complained of herein. They have sustained similar types of damages as a result of defendants' failure to comply with the NJ WARN Act.

62.   Plaintiff will fairly and adequately protect the interests of the members of the New Jersey Rule 23 Class and have retained counsel competent and experienced in complex class action litigation.

63.   Plaintiff has no interests that are contrary to or in conflict with those of the other members of the New Jersey Rule 23 Class.

64.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

65. Common questions of law and fact exist as to all members of the New Jersey Rule 23 Class and predominate over any questions affecting solely individual members. Among the questions of law and fact common to the New Jersey Rule 23 Class are:

a. Whether members of the New Jersey Rule 23 Class were employees of the defendants;

b. Whether defendants unlawfully terminated the employment of the members of the New Rule 23 Class without giving them 90 days advance written notice in violation of the NJ WARN Act; and

c. Whether defendants failed to pay the plaintiff and the New Jersey Rule 23 Class proper severance pay mandated by the NJ WARN Act.

66. Defendants have acted or have refused to act on grounds generally applicable to the New Jersey Rule 23 Class, thereby making appropriate relief with respect to the New Jersey Rule 23 Class as a whole.

67. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since damages suffered by individual New Jersey Rule 23 Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for plaintiff and New Jersey Rule 23 Class members to individually seek redress for the wrongful conduct alleged. Individual class members lack the financial resources to conduct a thorough examination of defendants' compensation practices to vigorously prosecute a lawsuit against the defendants to recover such damages. Class litigation is superior because it will obviate the need for unduly duplicative litigation.

68. The prosecution of separate actions by the individual members of the class would create a risk of (a) inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of treatment of class members by defendants;

(b) adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interest of the other members not parties to the adjudications; and (c) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate relief with respect to the class as a whole.

**FIRST CLAIM FOR RELIEF**
**(Violation of New Jersey WARN Act)**

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. On September 20, 2023, plaintiff received a telephone call from Sumit Rajput, TCS HR Talent Engagement Partner, who informed him that his employment was terminated that day. This telephone call was the first notice he received from defendants that his employment was terminated.

71. Thereafter, on the same day, plaintiff received by email a letter from TCS dated September 20, 2023, which states, "This is to confirm that your employment with TCS was terminated effective September 20, 2023. Your final paycheck will reflect any wages earned up to the date of termination as well as any accrued but unused vacation time due you." The letter is signed by Ashok Seetharaman, Head-Human Resources-USA. The address of the letter states, "Tata Consultancy Services, Tata Consultancy Services Limited, 397 Thornall Street, 4th Floor, Edison, NJ 08837."

72. Plaintiff did not receive any other notice of his September 20, 2023 termination other than the oral and written notice he received on that day.

73. At all relevant times, defendants employed a workforce at an "establishment" within the meaning of N.J.S.A. 34:21-1.

74. Defendants employed a workforce at an "establishment" for a period longer than three years.

75. At all relevant times, defendants have operated a "facility" within the meaning of N.J.S.A. 34:21-1.

76. Plaintiff and those similarly situated either worked at or reported to an establishment of defendants in New Jersey within the meaning of N.J.S.A. 34:21-1. Such establishment included the TCS facility located at 397 Thornall Street, 4th Floor, Edison, NJ 08837.

77. Since July 10, 2023, including on September 20, 2023, defendants have conducted reductions-in-force which resulted in the termination of employment during a 30-day period for 50 or more employees at or reporting to an establishment, within the meaning of N.J.S.A. 34:21-1.

78. At all relevant times, each of the defendants employed 100 or more employees within the meaning of N.J.S.A. 34:21-2(a).

79. Defendants failed to give plaintiff and those similarly situated terminated employees the required 90-day pre-layoff notice pursuant to N.J.S.A. 34:21-2(a).

80. The written notices defendants gave plaintiff and those similarly situated did not include the information mandated by N.J.S.A. 34:21-3.

81. Defendants failed to give the New Jersey Commissioner of Labor and Workforce Development the required 90-day pre-layoff notice pursuant to N.J.S.A. 34:21-2(a).

82. Defendants failed to give the chief elected official of the municipality where the establishment is located the required 90-day pre-layoff notice pursuant to N.J.S.A. 34:21-2(a).

83. Defendants failed to give plaintiff and those similarly situated terminated employees severance pay equal to one week of pay for each full year of employment within the meaning of N.J.S.A. 34:21-2(b).

84. Plaintiff was employed by defendants for nine full years and thus was due nine weeks of severance compensation within the meaning of N.J.S.A. 34:21-2(b) and 34:21-6.

85. As a result of the failure of defendants to give plaintiff and those similarly situated terminated employees the required 90-day pre-layoff notice pursuant to N.J.S.A. 34:21-2(a), defendants are liable to pay them an additional four weeks of severance pay, pursuant to N.J.S.A. 34:21-2(b) and 34:21-6.

86. Plaintiff for himself and those similarly situated seeks severance pay equivalent to one week of pay (calculated as their average rate of compensation during the last three years of employment with defendants or the final regular rate of compensation, whichever is higher) for each full year that they worked, plus an additional four weeks of mandatory severance pay, costs of the action, including reasonable attorney's fees; and interest, as allowed by law.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, on behalf of himself and all others similarly situated, pray for the following relief against defendants:

A. Certification that, pursuant to N.J.S.A. 34:21-36, plaintiff and those similarly situated former employees, constitute a single class;

B. Certification that, pursuant to Fed. R. Civ. P. 23, plaintiff and those similarly situated former employees, constitute a single class;

C. Designation of the plaintiff as Class Representative;

D. Appointment of the undersigned attorneys as Class Counsel;

E. Judgment in favor of plaintiff and each class member for severance pay equal to one week of pay for each full year of employment, plus an additional four weeks of mandatory severance pay;

F. Interest as allowed by law on the amounts owed under the preceding paragraphs;

G. Plaintiff's reasonable attorneys' fees and the costs that the plaintiff incurred in prosecuting this action, as authorized by the NJ WARN Act;

H. Judgment finding that TCS and TCS America constitute a single employer within the meaning of the NJ WARN Act and that TCS and TCS America are jointly and severally liable for the violations found herein; and

I. Such other and further relief as the Court may deem just and proper.

**LAW OFFICES OF MITCHELL SCHLEY, LLC**

By: ___/s/Mitchell Schley_____
Mitchell Schley
mschley@schleylaw.com
197 Route 18 South
South Tower, Suite 3000
East Brunswick, NJ 08816
Telephone: 732-325-0318
*Attorneys for plaintiff and all others similarly situated*

Dated: November 20, 2023